IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT SPENCER,

    Plaintiff,

v.                                      No.

DAVID R. JORDAN and
THE LAW OFFICES OF DAVID R. JORDAN, P.C.,

    Defendants.

## CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. David R. Jordan is an attorney who sent thousands of debt collection letters on behalf of Cash Cow, a Gallup predatory lender.

2. The letters stated that they were from Mr. Jordan, and threatened that Mr. Jordan was "preparing to initiate [a] lawsuit" against each recipient.

3. The letters were lies. Mr. Jordan had no meaningful involvement in sending the letters, and had made no preparation to bring suit against the recipients.

4. Plaintiff brings claims on his own behalf, and on behalf of all others similarly situated, for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the New Mexico Unfair Practices Act, N.M.S.A. 1978 §57-12-1 *et seq*. ("UPA").

### Jurisdiction

5. This Court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d), and under 28 U.S.C. §§1331, 1337 and 1367.

### Parties

6. Plaintiff Herbert Spencer resides in Brimhall, New Mexico.

1

7. Herbert Spencer is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. Defendant David R. Jordan is an attorney who practices law in Gallup, New Mexico.

9. Defendant The Law Offices of David R. Jordan, P.C. is New Mexico professional corporation.

10. Defendants are "debt collectors," as defined by 15 U.S.C. §1692a(6), because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Defendants' debt collection activities take place in the regular course of their trade or commerce.

## Facts

12. On October 14, 2016, Defendants sent Herbert Spencer a letter ("the Letter"). A copy of the Letter is attached as Exhibit 1.

13. The Letter stated that it was from "The Law Offices of David R. Jordan, P.C.," and it appeared to bear the signature of David R. Jordan.

14. The Letter stated:

> This firm has been retained to bring a lawsuit against you and all person who have not repaid their loan with Cash Cow. We are preparing to initiate this lawsuit; however, our client has encouraged us to reach out to you to convince you to repay your loan before litigation is commenced . . .
>
> When I initiate a lawsuit on debts such as yours, I typically also seek recovery of court costs. This can mean that a final judgment is more than the amount due. The law then gives Cash Cow the power to enforce that judgment and collect their money . . .
>
> You can avoid a lawsuit by making payment arrangements with Cash Cow immediately.

15. The Letter was meant to give the impression that Defendants had reviewed Mr. Spencer's loan file from Cash Cow, and had determined that Mr. Spencer was a candidate for legal action.

16. In truth, Defendants did not review Mr. Spencer's file before sending the Letter.

17. Defendants did not make any particular determination about whether the Letter should be sent to Mr. Spencer.

18. Defendants obtained absolutely no information whatsoever about Mr. Spencer's account before sending the Letter.

19. Defendants received a list of names from Cash Cow, including Mr. Spencer, and sent out a mass mailing with no review of any particular file.

20. Mr. Jordan's signature was printed electronically on the Letter.

21. In addition to misrepresenting their involvement, Defendants made numerous additional false or misleading representations in the Letter, including, but not limited to:

    a. At the time the Letter was mailed, Defendants had not been "retained to bring a lawsuit" against Mr. Spencer.

    b. Defendants were not "preparing to initiate this lawsuit."

    c. Defendants had no basis for stating that they might obtain "a final judgment" against Mr. Spencer.

    d. It was untrue that Mr. Spencer would be sued if he did not make "payment arrangements with Cash Cow."

22. When Defendants sent the Letter, they had only been retained to send the Letter to Mr. Spencer, not to bring suit against him.

23. After the Letter was sent, Defendants took absolutely no further action against Mr. Spencer, pending notification by Cash Cow that it desired to institute a lawsuit.

24. Defendants followed the same practice with respect to all debt collection letters it sent for Cash Cow.

25. In the small minority of cases in which Cash Cow later determined that it did desire to institute a lawsuit against a letter recipient, Cash Cow would prepare the complaint for Defendants. Mr. Jordan would sign and file the complaint in Gallup Magistrate Court, again with no meaningful review. *See Dale v. Jordan*, No. 1:16-cv-01260 (D.N.M., filed November 17, 2016); *Gonzales v. Jordan*, No. 1:17-cv-00629 (D.N.M., filed June 9, 2017); *Gray v. Jordan*, No. 1:17-cv-00630 (D.N.M., filed June 9, 2017).

26. Defendants never sued the great majority of New Mexicans to whom they sent debt collection letters.

27. Defendants never sued Mr. Spencer.

28. Defendants sent out thousands of debt collection letters, all of which were identical or nearly identical to the Letter sent to Mr. Spencer, and all of which contained the same false or misleading representations.

### Mr. Spencer Brings this Case as a Class Action

29. Plaintiff Herbert Spencer is the representative of a class of persons who, starting one year prior to the filing of this action, were sent form debt collection letters by Defendants that were identical to the Letter to Mr. Spencer, and who, as of the filing of this action, have not been sued by Defendants.

30. The class is so numerous that joinder of all members is impracticable. Plaintiff believes the number of members of the class exceeds 1,000 persons.

31. This action is predicated on standard practices of Defendants, who sent thousands of identical form false or misleading debt collection letters.

32. The issues involve questions of law or fact common to the class, which Plaintiff has recited in detail.  These questions predominate over any questions affecting only individual class members.  The common questions include:

    a. Whether Defendants' form debt collection letters violated the FDCPA;

    b. Whether Defendant's form debt collection letters violated the UPA; and

    c. Whether Plaintiff and the class are entitled to damages and injunctive relief.

33. Plaintiff's claims are typical of those of the class members.  All claims are based on the same factual and legal theories.  All claims arise from the same form documents and uniform practices.

34. Plaintiff will fairly and adequately represent the class.  Plaintiff is committed to litigating this matter.  He has retained counsel experienced in handling class claims and claims involving unlawful business practices.  Neither Plaintiff nor counsel have any interests which might cause them not to pursue this claim vigorously.

35. A class action is superior for the fair and efficient adjudication of the class members' claims.  Class members are unaware of the fact that their rights have been violated.  Defendants' victims cannot generally afford counsel to engage in individual litigation against Defendants.  A failure of justice will result in the absence of a class action.

**First Claim for Relief: Violations of the Fair Debt Collection Practices Act**

36. The foregoing actions of Defendants violated the FDCPA, including 15 U.S.C. §§1692d, 1692e, and 1692f.

37. Plaintiff and the class are entitled to recover damages, costs and reasonable attorney fees. 15 U.S.C. §1692k.

### Second Claim for Relief: Violations of the Unfair Practices Act

38. The foregoing actions of Defendants constituted unfair or deceptive trade practices within the meaning of the UPA, NMSA 1978 §57-12-2(D).

39. Defendants willfully engaged in these unlawful trade practices.

40. Plaintiff and the class will suffer irreparable injury for which there is no adequate remedy at law in the absence of an injunction barring Defendants from continuing to make false or misleading statements in their debt collection letters.

41. Plaintiff and the class are entitled to injunctive relief to prevent continued Defendants' abusive debt collection.

42. Plaintiff and the class are entitled to costs and reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Certify this case as a class action, appoint Mr. Spencer as class representative, and appoint his attorneys to represent the class;

B. Award damages for violations of the Fair Debt Collection Practices Act;

C. Award injunctive relief for violations of the Unfair Practices Act;

D. Award reasonable attorney's fees;

E. Award costs; and

F. Grant such other relief as it deems just and proper.

Respectfully submitted,

*/s/Nicholas Mattison*
Nicholas Mattison
Feferman, Warren & Mattison, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663 (fax)