IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT SPENCER,

        Plaintiff,

v.                                        1:17-cv-00792-WJ-SCY

DAVID R. JORDAN, and
THE LAW OFFICES OF DAVID R. JORDAN, P.C.,

        Defendants.

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT**

THIS MATTER came before the Court upon the Plaintiff's Unopposed Motion for Final Approval of Settlement Agreement. [Doc. 59] Defendants do not oppose the Motion. The Court held a hearing on May 21, 2019. The Court has reviewed the record and considered the briefing submitted by Plaintiff, and HEREBY FINDS AS FOLLOWS:

1. This Court has jurisdiction over the parties and subject matter herein.

2. This lawsuit was filed on August 3, 2017 [Doc. 1], asserting causes of actions for Defendants' alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the New Mexico Unfair Practices Act, NMSA §57-12-1 *et seq.* ("UPA"). In the complaint, Plaintiff stated that he planned to seek certification to proceed as a class action. Plaintiff alleged that Defendants are an attorney and his law firm who sent thousands of debt collection letters on behalf of a Gallup lender. Plaintiff alleges that in the letters, Defendants falsely stated that they were "preparing to initiate [a] lawsuit" against each recipient. Plaintiff alleged that Defendants had no meaningful involvement in sending the letters and had made no preparation to bring suit against the recipients.

1

3. Defendants deny that they violated the law and raised legal and factual defenses to Plaintiff's claims.

4. The parties conducted discovery and informal investigation of Plaintiff's claims.

5. Following months-long negotiations, the parties reached settlement on January 17, 2019.

6. The parties submitted a written settlement agreement for preliminary Court approval on February 7, 2019. [Doc. 52]

7. The Court granted preliminary approval to Plaintiff's settlement agreement, certified a class, and directed that Court-approved notice be sent to class members, advising them of the proposed settlement, the rights to opt out or object, and the final fairness hearing. [Doc. 53]

8. Plaintiff sent notice to class members as ordered. The great majority of the nearly 4,000 class members were located, following extensive procedures by Plaintiff to assure the broadest possible notice. The Court finds that the notification process satisfied Fed. R. Civ. P 23 and the requirements of due process.

9. Only two class members excluded themselves. [Doc. 56]

10. No class member objected.

11. The parties also complied with the Class Action Fairness Act, 28 U.S.C. §1715. [Doc. 54] No responses have been received from any of the public officials notified. More than 90 days have elapsed since the notice was mailed, and as such, the Court may enter a final order. *Id.*

12. The Court ratifies its earlier finding that this case is maintainable as a class action. [Doc. 53] The class is so numerous that joinder of all members is impracticable. There are questions of law and fact common to the class. The claims of Mr. Spencer are typical of the claims of the class members. Mr. Spencer will fairly and adequately protect the interests of the class, having retained counsel experienced in class actions and having no conflict with the interests of the

class. The common questions of law and fact predominate over questions affecting individual class members, and a class action is a superior means of adjudication.

13. The class is defined as: All persons who, starting one year prior to the filing of this action, were sent form debt collection letters by Defendants that were identical to the Letter to Mr. Spencer attached as Exhibit 1 to the Complaint [Doc. 1], and who, as of the filing of this action, have not been sued by Defendants.

14. The Court finds that the settlement agreement is fair, reasonable, and adequate pursuant to the factors set forth in Fed. R. Civ. P. 23(e)(2), as follows:

    a. The class representative and class counsel adequately represented the class.

    b. The settlement was negotiated at arm's length.

    c. The relief provided to the class is adequate.

    d. The settlement proposal treats class members equitably.

For these reasons, IT IS HEREBY ORDERED as follows:

A. The Court finds that the settlement agreement is fair, adequate, and reasonable and grants final approval to it.

B. The Court finds that payment to class counsel of $12,750 is appropriate and approves such payment. No class members objected to this award of fees. This payment is well within the standards established in the Tenth Circuit for payment according to the "percentage of the fund" method. The Court has reviewed the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) and finds that they weigh in favor of this award of attorney's fees, as follows:

    1. Plaintiff's counsel invested considerable time and labor in this case.

    2. This case presented novel and difficult questions.

3. Plaintiff's counsel demonstrated considerable skill in litigating this case, including addressing technical and specialized questions of law.

4. The time commitment required by this case precluded other employment by Plaintiff's counsel.

5. The requested fee is commensurate with the customary fee for similar cases in the Tenth Circuit.

6. Plaintiff agreed to a contingency fee, and Plaintiff's counsel litigated this case without remuneration and with the risk of nonpayment.

7. The complete resolution of this case a relatively short time reflects that it was litigated in an expeditious manner.

8. Plaintiff obtained an excellent result for the class.

9. Mr. Mattison is recognized as one of New Mexico's specialists in consumer law, with a reputation for skillful advocacy.

10. This case was challenging and risky to litigate. It was not a "desirable" case to many in the legal community.

11. Plaintiff's counsel served throughout this litigation, creating a long-standing professional relationship.

12. The award of attorney's fees in this case is consistent with awards in similar cases in the Tenth Circuit.

C. The Court finds that an award of costs of administration of $13,151 is reasonable and appropriate, and approves payment of such costs.

D. The Court finds that payment of a service award to named Plaintiff Herbert Spencer in the amount of $2,000 is reasonable. No class members objected to the service award. Mr.

Spencer invested substantial effort in this class action, and without his contributions, there would be no fund to distribute to class members.

E. Should there be any remaining settlement funds that cannot practicably and economically be distributed to class members, the Court approves award of such funds to the following *cy pres* recipient: DNA-People's Legal Services.

F. The parties are directed to implement the Settlement Agreement in accordance with its terms.

G. The release in this case is conditioned upon the payment by Defendants set forth in the Settlement Agreement.

H. The Court retains jurisdiction over the interpretation, enforcement and implementation of both the Settlement Agreement and this Order.

SO ORDERED.

_____
Honorable William P. Johnson

Submitted:

*/s/Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman, Warren & Mattison, attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

Approved:

*Approved via email*
RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.
Seth L. Sparks
P.O. Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
*Attorneys for Defendants*
ssparks@rodey.com